ORDERED.

Dated:  August 17, 2021

_____
Lori V. Vaughan
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | ) |
| | ) |
| 218 Jackson LLC, | ) Case No. 6:21-bk-00983-LVV |
| | ) Chapter 11 |
| Debtor. | ) Subchapter V |
| | ) |

**MEMORANDUM OPINION ON DEBTOR'S**
**OBJECTION TO FINAL APPLICATION OF SUBCHAPTER V TRUSTEE**

The Court must decide whether the subchapter V trustee appointed in this case, Richard Blackstone Webber II, (the "Trustee") is a disinterested person. The Debtor contends the Trustee is not disinterested due to his ongoing representation of creditors in another bankruptcy case who are suing Amos Vizer—the ultimate principal of the Debtor. The Trustee argues his representation of such creditors is not a conflict because Amos Vizer does not directly own equity in the Debtor. The Court disagrees, and determines that based on the undisputed record, the Trustee is not disinterested. As a result, he must be removed and his compensation will be denied.

**Background Facts**

The relevant facts are undisputed. The Debtor is a Florida limited liability company that owns two parcels of real property located at 218 Jackson Street and 226 Jackson Street (the Properties") in Maitland, Florida.[1] The Debtor has no employees but is 100% owned and managed by TwoChi, LLC ("TwoChi").[2] Irit Vizer and Amos Vizer, husband and wife, are the only members of TwoChi.[3] Currently, 218 Jackson consists of a single commercial building while 226 Jackson remains vacant land.[4] As such, the primary source of the Debtor's income is derived from rent collected from the commercial tenants of 218 Jackson.[5] The Debtor believes the Properties have a current value between $1.3 million and $1.5 million.[6]

The Debtor's primary secured creditor is National Loan Acquisition Company ("NLAC"), who is owed about $1 million and likely oversecured ("Loan").[7] NLAC acquired the Loan by assignment from Bank of America, N.A. ("BOA") after BOA had initiated a foreclosure action against the Debtor in state court.[8] As part of the foreclosure, NLAC obtained an order from the state court directing the Debtor's rental income stream to NLAC.[9]

The Debtor then filed this chapter 11 case under subchapter V on March 8, 2021.[10] The next day, the Debtor filed a Chapter 11 Case Management Summary disclosing Mr. and Mrs. Vizer's membership interest in TwoChi.[11] The Case Management Summary listed Mr. Vizer as the manager of TwoChi.

---

[1] Doc. No. 77.
[2] Doc. No. 77.
[3] Doc. No. 5, ¶ 8.
[4] Doc. No. 77.
[5] Doc. No. 77.
[6] Doc. No. 5, ¶ 12.
[7] NLAC filed a secured poof of claim in the amount of $1,078,987.05. POC 1-2.
[8] Doc. No. 77. The state court action is pending before the Circuit Court of Orange County, Florida, Case No: 2020-CA-002245-0.
[9] Doc. No. 77.
[10] Doc. No. 1.
[11] Doc. No. 5.

The United States Trustee then appointed the Trustee to be subchapter V trustee in the Debtor's bankruptcy.[12] A statement of the Trustee verifying he was a "disinterested person" as defined by 11 U.S.C. § 101(14) in this case was attached to the Notice of Appointment.[13] The Trustee did not disclose his involvement in another bankruptcy case—Via Airlines, Inc., nor did the United States Trustee.

The Via Airlines, Inc. Bankruptcy Case

Three months *before* verifying his disinterestedness, the Trustee appeared as counsel for ADI Acquisition Co., LLC and ADI Holdings Company Inc. ("ADI")[14] in the Chapter 11 bankruptcy case of Via Airlines, Inc. ("Via Airlines"), pending before the Honorable Karen S. Jennemann.[15] Via Airlines filed for relief under Chapter 11 of the Bankruptcy Code on October 8, 2019.[16] Mr. Vizer signed the petition on behalf of Via Airlines as chair of its Board of Directors.[17] ADI filed two $25 million unsecured claims against Via Airlines alleging misappropriation of trade secrets.[18] In support of the claims, ADI attached a complaint it filed in the United States District Court for the District of Nevada, CASE NO. 2:15-cv-1344-JAD-BNW, against Via Airlines and other defendants, including Mr. Vizer, individually ("Nevada District Court Litigation").[19]

---

[12] Doc. No. 7. The United States Trustee is involved in every chapter 11 bankruptcy. If a trustee is appointed in the case, the United States Trustee makes the appointment. In a regular, non-subchapter V chapter 11 bankruptcy, a trustee is only appointed by order of the court under 11 U.S.C. § 1104. But, in the new subchapter V chapter 11, a trustee is appointed at the outset of every case and charged with the duties set forth in 11 U.S.C. § 1183, as discussed further herein. While the United States Trustee has general oversight of all chapter 11 cases, the subchapter V trustee has specific duties involving the assistance and oversight of the case on a day-to-day basis. The subchapter V trustee also files reports with the United States Trustee for each case.
[13] Doc. No. 7.
[14] While there is a meaningful distinction between these entities in the Via Airlines bankruptcy case, the distinction is irrelevant to this discussion because the Trustee represents both. Accordingly, the Court will use ADI to reference one or both entities.
[15] *In re Via Airlines. Inc.*, Case No. 6:19-bk-06589-KSJ at Doc. Nos. 345, 346 filed January 12, 2021.
[16] *Via Airlines*, Case No. 6:19-bk-06589-KSJ at Doc. No. 1.
[17] *Id*.
[18] *Via Airlines*, Case No. 6:19-bk-06589-KSJ, Claim No. 105 and Claim No. 107.
[19] *Id*.

Via Airlines eventually confirmed a plan of reorganization.[20] Mr. Vizer continued as one of the reorganized Debtor's directors and part of an executive team who would manage the reorganized Debtor.[21] Mr. Vizer later was elected as Chair and Trustee of the Litigation Trust Oversight Board,[22] who then objected to claims, including the ADI claims.[23]

As counsel for ADI, the Trustee sought stay relief to permit the Nevada District Court to consider ADI's motion to dismiss Via Airlines as a defendant in the Nevada Litigation.[24] After hearing arguments of counsel, the bankruptcy court entered an order confirming the stay terminated upon confirmation, but that the discharge injunction prohibited the Nevada District Court from taking actions against Via Airlines, including proceeding on the motion to dismiss.[25] The bankruptcy court's order clarified, however, that the Nevada District Court could proceed with all non-debtor parties in the Nevada District Court Litigation.[26] As a result, ADI is proceeding against Mr. Vizer, individually, in the Nevada District Court Litigation.

After his initial appearance in the Via Airlines case, the Trustee actively represented his clients' interests. He appeared at most hearings in the Via Airlines case. He attended mediation on the objections to claims and filed pleadings including a motion for summary judgment on the claim objections.[27] And on the other side is Mr. Vizer—appearing at the same hearings and mediation. Mr. Vizer, on behalf of the reorganized Via Airlines, is managing the process and "calling the shots." Currently, ADI's claims remain contested with mediation resulting in an impasse.[28]

---

[20] *Via Airlines*, Case No. 6:19-bk-06589-KSJ at Doc. No. 252.
[21] *Id.* at Ex. 2 Final Plan of Reorganization, Art. VI, E.
[22] *Via Airlines*, Case No. 6:19-bk-06589-KSJ at Doc. No. 324.
[23] *Id.* at Doc. Nos. 291 and 293.
[24] *Id.* at Doc. No. 368
[25] *Id.* at Doc. No. 380.
[26] *Id.* at Doc. No. 380.
[27] *Id.* at Doc. Nos. 345, 346, 416, 417, 420, 421.
[28] *Id.* at Doc. No. 420.

The Trustee's Actions During this Bankruptcy Case

While representing ADI in the Via Airlines case, the Trustee simultaneously served as the subchapter V trustee in this case. The Trustee pursued an active role in this case—usually adversarial to the Debtor and indirectly to Mr. Vizer. Less than a month after the bankruptcy filing, the Debtor filed a plan of reorganization which proposed a 100% distribution to all creditors ("Sub V Plan").[29] Two days later, NLAC sought dismissal alleging the Debtor filed the case in bad faith and is not eligible to be a debtor under subchapter V ("Motion to Dismiss").[30] Specifically, NLAC argued the Debtor is a single asset real estate entity ("SARE"), it filed on the eve of foreclosure, and this is simply a two-party dispute that does not belong in bankruptcy court. The Court scheduled a trial on the issue of whether the Debtor is eligible to proceed in this case under subchapter V as alleged in the Motion to Dismiss ("Sub V Trial").[31]

On April 28, 2021, the Debtor, NLAC, the Trustee, and United States Trustee appeared at the Sub V Trial. In addition to the Debtor and NLAC's presentation, the Trustee questioned the witness for the Debtor—Mr. Vizer—and introduced exhibits.[32] The Trustee advocated dismissal arguing that the Debtor did not conduct any business other than operating the Properties. At the end of the Sub V Trial, the Court took the matter under advisement and scheduled a status conference on June 2, 2021.

On May 25, 2021, the Debtor filed a motion requesting the Court extend the automatic stay and enter a preliminary injunction enjoining NLAC from collecting on the Loan from TwoChi, Mr. Vizer and Mrs. Vizer ("Injunction Motion").[33] Three days later and before NLAC

---

[29] Doc. No. 35.
[30] Doc. No. 36.
[31] Doc. No. 42.
[32] Doc. No. 69.
[33] Doc. No. 73.

filed any response,[34] the Trustee objected.[35] The Trustee asserted that the Injunction Motion "appears to be procedurally improper" and "premature" as the Court must first rule on the Sub V Trial and then the Motion to Dismiss for bad faith.[36] The Trustee also made the following statements in the response:

- If the Court determines that the Debtor is a SARE and not eligible for Subchapter V relief under Chapter 11, then it is the V Trustee's position that the bankruptcy case should be dismissed as a bad faith filing with a two party dispute between Debtor and Secured Creditor National Loan Acquisition Company. See ECF No. 36 and 74.

- The elements for bad faith were clearly established at the evidentiary hearing held on April 28, 2021, and no further evidence would be needed for the Court to dismiss the Chapter 11 bankruptcy case as being filed in bad faith.

- Moreover, V Trustee believes that if the Court dismisses the Chapter 11 Case for bad faith, then there should be an injunction against the Debtor re-filing for a period of one year.[37]

On June 3, 2021, the Court entered an order partially denying the Motion to Dismiss determining that the Debtor was not a SARE and was eligible to proceed under subchapter V.[38] The Court then entered orders scheduling a confirmation hearing and trial on the remaining issues raised in the Motion to Dismiss.[39] The Debtor and NLAC asked the Court to reschedule the confirmation hearing and trial as they were attempting to resolve their disputes.[40] After entry of the order granting the continuance, the Trustee sent an email to the parties saying "If there is

---

[34] Doc. No. 102. NLAC filed a response in opposition to the Injunction Motion on June 25, 2021. On June 29, 2021, The Debtor withdrew the Motion for Injunction. Doc. No. 104.
[35] Doc. No. 75.
[36] Doc. No. 75, ¶¶ 9, 10.
[37] Doc. No. 75, ¶¶ 6,7,8.
[38] Doc. No. 77.
[39] Doc. Nos. 84, 85.
[40] Doc. Nos. 123, 124.

anything I can do to help resolve and/or finalize a settlement among the parties, please let me know!"[41] The Debtor and NLAC did not resolve their disputes.

Prior to the confirmation hearing and trial, the Trustee filed a Motion to Dismiss this case for cause under §1112(b)(1) and (b)(4)(E) ("Trustee's Motion to Dismiss").[42] The Trustee's Motion to Dismiss alleged the Debtor failed to comply with this Court's Order Prescribing Procedures in Chapter 11 Subchapter V Case,[43] by failing to make monthly payments to the Trustee for his compensation. The Trustee conceded he had received $1,000 from the Debtor due March 2021, but had not received payments for April, May and June totaling $3,000.[44]

The Trustee then objected to confirmation of the Sub V Plan ("Trustee's Objection").[45] The Trustee objected that the plan is not feasible because no financial information or accounting of TwoChi or Mr. and Mrs. Vizer was provided to demonstrate they could fund the Sub V Plan, and that the Sub V Plan is not fair and equitable because it seeks releases and injunctions for insiders. He also questioned whether the Sub V Plan was proposed in good faith or whether this case had been filed in "bad faith" and really is a two-party dispute.[46] Lastly, the Trustee filed a Final Application for Compensation, as supplemented, seeking compensation totaling $11,870 and in support, attached time entries of the work he performed in this case.[47] The Debtor

---

[41] Doc. No. 137.
[42] Doc. No. 92.
[43] Doc No. 18. The order provides: 3. <u>Interim Trustee Compensation</u>. Within 30 days of the petition date and continuing monthly thereafter, Debtor shall remit to the Trustee interim compensation in the amount of $1,000.00. The amount of the interim compensation is subject to adjustment by the Court upon the request of any interested party and the Court's approval of the Trustee's fee application under 11 U.S.C. § 330. Debtor shall include the Trustee's interim compensation in any proposed cash collateral budget.
[44] Later, the Trustee conceded he had received $4,000 from the Debtor and only $1,000 remained outstanding under the Court's Order Prescribing Procedures in Chapter 11 Subchapter V Case. *See* Doc. No. 135 at ¶ 10.
[45] Doc. No. 117.
[46] The Trustee posed this question (among others) in his objection to confirmation without answering it despite having advocated for dismissal due to bad faith earlier in the case.
[47] Doc. Nos. 99, 136.

objected disputing the Trustee's disinterestedness,[48] and the Trustee filed a response to the objection.[49]

At the confirmation hearing and trial, the Trustee argued for dismissal and against confirmation.[50] He examined Mr. Vizer, as representative of the Debtor. In particular, the Trustee argued the plan was not feasible and complained that he had not been provided with the *personal* financial information of Mr. and Mrs. Vizer. In sum, the Trustee opposed the Debtor's reorganization and advocated dismissal throughout this case. He did all this while representing ADI and being adverse to Mr. Vizer in the Via Airlines bankruptcy.

## Discussion

Disinterestedness of Subchapter V Trustee

A subchapter V trustee must be disinterested. Section 1183 of the Bankruptcy Code provides that the United States Trustee shall appoint "one disinterested person to serve as trustee in the case …." 11 U.S.C. § 1183(a). The Bankruptcy Code defines a disinterested person, in part, as a person that:

> (C) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.

11 U.S.C. § 101(14)(C). A plain reading of § 101(14)(C) informs the Court that under this subsection, a person must have an interest materially adverse to the estate, creditors or equity security holders to fail the disinterested standard. The adverse interest can be as result of a relationship with the debtor or "for any other reason."

---

[48] Doc. No. 121.
[49] Doc. No. 135.
[50] The Court heard argument by the Debtor, Trustee and United States Trustee on the Debtor's Objection to the Trustee's Final Application for Compensation, as supplemented. The Order Scheduling (I) Hearing on Confirmation of Plan of Reorganization, (II) Deadlines with Respect to Confirmation Hearing, and (III) Deadlines for Filing Administrative Expense Applications provided that the Court will conduct a hearing on any timely filed applications for compensation of professionals at the confirmation hearing. Doc. No. 84, ¶ 1.

Debtor argues that the Trustee is not disinterested because of his ongoing representation of ADI in the Via Airlines bankruptcy. ADI asserts claims against Via Airlines and Mr. Vizer and is actively pursuing litigation against Mr. Vizer in the Nevada District Court Litigation. Debtor submits that the Trustee's actions in this case and his attitude toward the Debtor demonstrate his lack of impartiality.

As an attorney, the Trustee assumes the interest of his client for the disinterested person requirement. *In re Abrass*, 250 B.R. 432, 434-35 (Bankr. M.D. Fla. 2000)(an attorney fails the disinterested standard if the attorney's client is not disinterested). The question then is whether the Trustee's client, ADI, has an interest materially adverse to the Debtor's estate or equity security holders. Without a doubt, ADI is materially adverse to Mr. Vizer. ADI is pursuing Via Airlines and Mr. Vizer for alleged misappropriation of trade secrets. ADI has obtained stay relief to continue its litigation against Mr. Vizer in the Nevada District Court. And ADI's claim is substantial. In the complaint, ADI seeks in excess of $12 million and it's proofs of claim in the Via Airlines bankruptcy seek $25 million.

The Trustee responds that ADI's conflict with Mr. Vizer does not render him materially adverse to the Debtor's estate or equity security holders because Mr. Vizer does not own the Debtor—TwoChi does. The Trustee argues ADI is not adverse to TwoChi, who owns 100% of the membership interests in the Debtor. Mr. and Mrs. Vizer own TwoChi as tenants by the entireties. The Trustee further argues because Mr. Vizer has no individual equity interests in the Debtor or TwoChi he is therefore not an "equity security holder" as required by § 101(14).

The Court rejects the Trustee's overly simple and strictly technical analysis of the disinterested person requirement. Whether the trustee is a disinterested person is a fact-intensive inquiry requiring consideration of the totality of the circumstances. *See In re AFI Holding, Inc.,*

355 B.R. 139, 151-52 (B.A.P. 9th Cir. 2006). A cold (literal) reading of § 101(14) does not acknowledge the importance of a trustee's impartiality. "[P]rofessionals engaged in the conduct of a bankruptcy case should be free of the slightest personal interest which might be reflected in their decisions concerning matters of the debtor's estate or which might impair the high degree of impartiality and detached judgment expected of them during the court of administration." *In re Vebeliunas*, 231 B.R. 181, 191 (Bankr. S.D. N.Y. 1999) (quoting *1 Collier Bankruptcy Manual* § 101.13 (1981)). *See also Matter of Consolidated Bancshares, Inc.,* 785 F.2d 1249, 1256 n. 6. (5th Cir. 1986)(same); *In re Philadelphia Athletic Club, Inc*., 20 B.R. 328, 334 (E.D. Pa. 1982)(same); *In re GHR Energy Corp*., 60 B.R. 52, 67 (Bankr. S.D. Tx. 1985)(same). Trustees and estate professionals, as court-appointed officers, should avoid even the appearance of a conflict. A disinterested person, "should be divested of any scintilla of personal interest which might be reflected in his decision concerning estate matters." *Matter of Codesco, Inc.,* 18 B.R. 997, 999 (Bankr. S.D.N.Y. 1982).

The Trustee's arguments ignore the substance of his conflict and the purpose of the disinterested person requirement. Mr. Vizer is an owner and manager of the Debtor, even if his interest is indirect. For purposes of disinterest, the concern is whether the person holds an interest in the entity as equity and not the form of ownership. Mr. Vizer has an interest in TwoChi and is directly impacted by its success or failure even if he and Mrs. Vizer hold the interest as tenants by the entireties ("TBE"). Florida law provides that each spouse holding property as TBE holds the entire property. *In re Daniels*, 309 B.R. 54, 56 (Bankr. M.D. Fla. 2004)(TBE property belongs to a separate entity created by marriage with each spouse seized of the whole). Accordingly, the legal fiction of a TBE does not eliminate Mr. Vizer's ownership interest, rather it posits that Mr. Vizer is vested with 100% ownership.

Likewise, the fact that Mr. Vizer's ownership interest in the Debtor is not direct, but through TwoChi, does not change the result. Mr. Vizer still has a pecuniary interest in the outcome of the Debtor's reorganization. TwoChi is a closely-held company. Mr. and Mrs. Vizer own 100% of TwoChi, who owns 100% of the Debtor. Mr. Vizer's indirect interest in the Debtor is sufficient to require the Trustee not hold an interest materially adverse to Mr. Vizer. *See In re Vebeliunas*, 231 B.R. 181, 189 (Bankr. S.D.N.Y. 1999)(counsel with material adverse interest to debtor is not disinterested even though debtor is not listed in Section 101(14)). For the purposes of determining whether the Trustee is disinterested, the Court treats Mr. Vizer as the equivalent of an equity security holder because the need for impartiality is the same. Like a corporation or partnership, the Debtor acts through individuals. Here, the Debtor acts through Mr. Vizer and any adversity with Mr. Vizer prevents the Trustee from being impartial and interferes with his duty to the case. Simply put, an attorney who is adverse to the Debtor's principal in another case cannot serve as the subchapter V trustee. The Trustee's representation of ADI in the Via Airlines bankruptcy makes him materially adverse to an equity security holder – Mr. Vizer – meaning he is not a disinterested person.

<u>The Role of a Subchapter V Trustee</u>

In making this decision, the Court considers the unique role of the newly created subchapter V trustee. The Small Business Reorganization Act of 2019 ("SBRA") added subchapter V to chapter 11 of the Bankruptcy Code, which provides a new avenue for small business debtors to reorganize outside of the more costly traditional chapter 11 framework. While subchapter V includes some provisions that are found elsewhere in the Bankruptcy Code, it is unique in many ways. For instance, subchapter V encourages the confirmation of a

consensual plan, but allows the debtor to confirm a plan without the approval of any creditors. Subchapter V also introduces a new player—the subchapter V trustee.

A subchapter V trustee plays a different role from other trustees even though many duties are the same or similar. Trustees in chapters 7, 11, 12, 13 and subchapter V all have the duties of accounting for all property received, examining proofs of claim (if a purpose would be served), furnishing information about the estate if requested by a party in interest, and making a final report and a final accounting on the administration of the estate. 11 U.S.C. §§ 704(a)(2),(5),(7), and (9); 1106(a)(1); 1183(b); 1202(b)(1); 1302(b)(1). Subchapter V, chapter 12 and chapter 13 trustees are further required to appear and be heard at any hearing concerning the value of property subject to a lien, confirmation of a plan, and modification of a plan. 11 U.S.C. §§ 1183(b)(3); 1202(b)(3); 1302(b)(2). Chapter 12 and subchapter V trustees must also appear and be heard at any hearing that concerns the sale of property of the estate. 11 U.S.C. §§ 1183(b)(3)(D); 1202(b)(3)(D).

Yet, the subchapter V trustee is the *only* trustee directed to "facilitate the development of a consensual plan of reorganization." 11 U.S.C. § 1183(b)(7). This duty is assigned to no other trustee in bankruptcy. This distinction is significant. Traditionally, trustees tend to be adversarial to the debtor as a result of their duties in protecting the estate and creditors. Chapter 7 trustees take possession of the estate's property and dispose of or administer those assets in order to pay creditors. This role typically puts a trustee in conflict with the debtor and sometimes creditors. A chapter 11 trustee, if one is appointed, similarly takes possession of estate assets for the purpose of liquidation, sale, or less frequently, a reorganization. A chapter 13 trustee similarly is gathering assets, but in the form of plan payments in order to distribute to creditors. A chapter 12 trustee is perhaps the most similar here—not taking possession of estate property and occupying

a similar oversight role. But even a chapter 12 trustee is not charged with *facilitation* of a consensual plan.

A subchapter V trustee, however, doesn't take possession of estate property unless the debtor is removed (and in that event the subchapter V trustee is provided with expanded powers). 11 U.S.C. § 1183(a)(5). A subchapter V trustee is not required to investigate the financial affairs of the debtor, unless the court orders it for cause and upon request of a party.[51] It is not a stretch then to conclude that the subchapter V trustee's role was intentionally designed to be less adversarial. Facilitation of a consensual plan requires the subchapter V trustee to work with the parties—the creditors and debtor—to agree on a plan. The definition of facilitate is to "make the occurrence of (something) easier; to render less difficult." *Black's Law Dictionary* 734 (11th Ed. 2019). As a result, the subchapter V trustee acts more like a mediator than an adversary. *See In re Seven Stars on the Hudson Corp.*, 618 B.R. 333, 346 n.81 (Bankr. S.D. Fla. 2020)("A substantial part of the Subchapter V trustee's pre-confirmation role, therefore, should be to serve as a de facto mediator between the debtor and its creditors.").

The United States Trustee's Handbook for Small Business Chapter 11 Subchapter V Trustees ("Handbook"), provides:

> As soon as possible, the trustee should begin discussions with the debtor and principal creditors about the plan the debtor will propose, and the trustee should encourage communication between all parties in interest as the plan is developed. The trustee should be proactive in communicating with the debtor and debtor's counsel and with creditors, and in promoting and facilitating plan negotiations.

***

---

[51] The Trustee asserts, incorrectly, that he has a duty to investigate the financial affairs of the Debtor. Doc. No. 117 at ¶ 3. A subchapter V trustee is only charged with such duty if upon request of a party, the court "for cause" so orders. 11 U.S.C. § 1183(b)(2). No such request or order occurred in this case.

> The subchapter V trustee is an independent third party and a fiduciary who must be fair and impartial to all parties in the case. The trustee must be free of conflicts of interest that might impair the trustee's ability to carry out these duties.

U.S. Department of Justice, Executive Office for United States Trustees, *Handbook for Small Business Chapter 11 Subchapter V Trustees,* February 2020*,* at 2-2, 3-9. Available at: www.justice.gov/ust/file/subchapterv_trustee_handbook.pdf/download. The Handbook even goes on to provide that facilitation of a consensual plan is a *principal* duty of the trustee. This unique duty makes an independent and impartial trustee even more critical. When the trustee has a conflict, he cannot effectively perform his statutorily mandated duties. Even more, a conflicted trustee hinders the very purpose of subchapter V and cannot be tolerated by the Court.

<u>The Trustee's Lack of Impartiality</u>

Since the beginning of this case the Trustee was openly and actively adverse to the Debtor. He twice sought dismissal of Debtor's case. He joined in the efforts of the secured creditor to dismiss the case for bad faith—not because of anything the Debtor is accused of doing within bankruptcy—but arguing this case is a two-party dispute. The Trustee then opposed an extension of the stay to protect Mr. Vizer (the same party he is pursuing in another case) and objected to confirmation. Again, the Trustee's objections seem to parrot that of the secured creditor—arguing the case was filed in bad faith to avoid foreclosure. The Trustee took all of these positions despite the Debtor having filed the Sub V Plan proposing to pay all creditors in full. Instead of trying to bring the parties together—to facilitate a consensual plan—the Trustee has spent his time thwarting the Debtor's efforts to reorganize and taking the side of the secured creditor. This is not the role of a subchapter V trustee.

The Court does not suggest a subchapter V trustee should never seek dismissal or oppose confirmation. The subchapter V trustee has a duty to appear and be heard at confirmation of the

debtor's plan, and the Court necessarily expects the trustee to opine on confirmation. There may be cases where the debtor's actions before or during the case might warrant a motion to dismiss. But, a subchapter V trustee is still expected to work toward confirmation and make an effort to bring the parties together—not drive them apart. That did not happen in this case.

The Trustee's time records reveal that he spent no time trying to bring the parties together or encouraging a consensual plan of reorganization.[52] He had no calls with counsel for the Debtor or the secured creditor and the few emails he exchanged were on the issues of document production and the language of orders. The only truly substantive communication appears to be an email on the issue of whether the Debtor was eligible to make the subchapter V election. The Trustee was not proactive in "promoting and facilitating" as required by the Handbook. Instead of "facilitating a consensual plan," the Trustee appears to have opposed the Debtor's reorganization from the outset and taken the side of the secured creditor. The Trustee's actions here are at odds with his duties under Section 1183. The Court can only conclude that this is due to the Trustee's existing adverse relationship with Mr. Vizer—highlighting why an independent and impartial trustee is so important. The very intent and purpose of SBRA is thwarted when the trustee is conflicted, as he was in this case.

Removal of the Trustee and Trustee's Compensation

Section 324 of the Bankruptcy Code provides "[t]he court, after notice and a hearing, may remove a trustee, other than the United States trustee, or an examiner, for cause." 11 U.S.C. § 324. The Court finds cause exists to remove the Trustee from this case. The Trustee is not independent and impartial. The Trustee is not disinterested as required by 11 U.S.C. § 1183 because he holds a material adverse interest against the equity security holder in this case—Mr.

---

[52] The Trustee's time entries are attached as exhibits to the Final Application for Subchapter V Trustee, as supplemented. Doc. Nos. 99, 136.

Vizer. For these reasons, the Court disqualifies and removes the Trustee from this case and directs the United States Trustee to immediately appoint a truly disinterested subchapter V trustee. *See In re Walker*, 515 F.3d 1204, 1212 (11th Cir. 2008)(Section 324 authorizes a bankruptcy judge to remove a trustee *sua sponte* after notice and a hearing).

The Court also denies the Trustee's request for compensation. Upon a determination that the Trustee is not disinterested, the Court has discretion to allow his fees and costs. *See In re Prince*, 40 F.3d 356, 359 (11th Cir. 1994) (court may deny compensation to professionals who are not disinterested, but denial of compensation is not required.) Due to his conflict, the Trustee's fees were not reasonable or necessary. In fact, the Trustee's services only hindered the process. The Court further holds that the Trustee's services were not reasonably likely to benefit the Debtor's estate. *See* 11 U.S.C. § 330(a)(4)(A). The Court denies any fees to the Trustee and orders disgorgement of all monthly amounts received to date.

<u>Confirmation of the Plan and Motion to Dismiss</u>

At the conclusion of the trial on July 30, 2021, the Court took under advisement the confirmation of the Debtor's Sub V Plan, as modified, and the remaining issues raised in the Motion to Dismiss. The Court will abate consideration of confirmation of the Sub V Plan and the Motion to Dismiss until a new subchapter V trustee is appointed and has had an opportunity to review the case and confer with the parties. The Debtor and parties should have the benefit of an *impartial* subchapter V trustee before confirmation or dismissal is decided.

## **Conclusion**

The Trustee is not disinterested and as a result he cannot serve as the subchapter V trustee under 11 U.S.C. §1183. The Trustee will be removed. For the same reasons and based on a review of the Trustee's time entries for this case, the Trustee's request for compensation is not

reasonable or likely to benefit the estate and should be denied. The Court will enter a separate order consistent with this memorandum opinion.

Attorney Daniel A Velasquez is directed to serve a copy of this order on all interested parties who are non-CM/ECF users and file a proof of service within 3 days of entry of the order.